[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12759
Non-Argument Calendar

_____

D. C. Docket No. 05-00302-CV-T-30-TGW

DONNA HAND,
individually and as personal
representative of Opal O. Hand's estate,

Plaintiff-Appellant,

JOHN KEITH HAND,
individually and as son of Opal Hand,
JULIE A. HAND,
individually and as daughter of Opal Hand,

Plaintiffs,

versus

CARGILL FERTILIZER, INC.,
a.k.a. Gardinier Inc.,
a.k.a. East Tampa Chemical Plant,
a.k.a. U.S. Phosphoric,
CARGILL, INC.,
parent company of Cargill Fertilizer, Inc.,
CARGILL FERTILIZER, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(December 28, 2006)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Donna Hand, individually and as personal representative of the estate of Opal O. Hand, appeals pro se the denial of (1) her motion for relief from judgment and (2) her motion to disqualify the district court. In December 2005, we affirmed the dismissal of Hand's complaint by the district court. Hand then filed with the district court a motion for relief from judgment in which she sought, in substance, relief under Federal Rule of Civil Procedure 60(b). After the district court denied the motion, Hand filed a motion to disqualify the district court, which the district court denied. We affirm.

The district court did not abuse its discretion by denying Hand's motion for relief from judgment. Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003) (reviewing denial of relief under Rule 60(b) for abuse of discretion). Some of the issues raised in Hand's motion were waived, because Hand did not argue those issues in the previous appeal to this Court. See Am.

2

Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999) ("[T]he law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal."). Consideration of the remaining issues was barred by the law of the case doctrine. The district court was bound by our prior decision in this case unless "(1) our prior decision resulted from a trial where the parties presented substantially different evidence from the case at bar; (2) subsequently released controlling authority dictates a contrary result; or (3) the prior decision was clearly erroneous and would work manifest injustice." Alphamed, Inc. v. B. Braun Med., Inc., 367 F.3d 1280, 1285-86 & 1286 n.3 (11th Cir. 2004). None of these exceptions applies.

We also review for abuse of discretion the decision of a district court not to recuse itself and will affirm "unless we conclude that the impropriety is clear and one which would be recognized by all objective, reasonable persons." United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999). Hand does not identify an extrajudicial source of bias or show that the district court acted with "'such pervasive bias and prejudice that it unfairly prejudice[d] one of the parties.'" Id. (quoting United States v. Ramos, 933 F.3d 968, 973 (11th Cir. 1991)). The district court did not abuse its discretion by denying Hand's motion to disqualify.

**AFFIRMED.**

3